**FILED**

**November 21, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 11:55 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Rayshelle Davis, | ) | Docket No.: 2017-01-0456 |
| Employee, | ) | |
| v. | ) | |
| Belcan Services Group, | ) | State File No.: 44105-2016 |
| Employer, | ) | |
| And | ) | |
| The Hartford, | ) | Judge Audrey A. Headrick |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

This matter came before the Court on a Request for Expedited Hearing filed by Rayshelle Davis on October 23, 2017. The Court issued a docketing notice on November 7 allowing seven business days for the parties to file objections or submit position statements. Neither side responded. The central legal issue is whether Ms. Davis is likely to establish at a hearing on the merits that Belcan Services Group must provide her with another panel of physicians.[1] This Court finds it needs no additional information to determine this issue and holds Ms. Davis is not entitled to the requested benefit at this time.

### History of Claim

According to her affidavit, Ms. Davis was working on June 10, 2016, for Belcan Services Group (Belcan), a staffing agency, at Southern Media Filter, when a cuff machine caught her right hand. Ms. Davis treated with Physicians Care until the medical provider referred her for orthopedic care.[2] She selected Dr. Robert Mastey from a panel and saw him twice.

---

[1] This Court's holding makes it unnecessary to address the seven additional disputed issues raised by Ms. Davis in the Dispute Certification Notice.

[2] Ms. Davis' Petition for Benefit Determination reflects that she selected Physicians Care from a panel on the day of her injury. However, neither party submitted the panel or the Physicians Care records.

1

Dr. Mastey made Ms. Davis feel "very uncomfortable and disrespected" during her first visit. (Ex. 1.) She stated in her affidavit that Dr. Mastey made her husband and children leave the exam room during the visit. Ms. Davis was also uncomfortable with Dr. Mastey's questions regarding "the number and ages of [her] children and birth control . . .." (Ex. 1.) The office note indicates that Dr. Mastey "informed [Ms. Davis] that [her complaints are] highly unusual as she has this right upper extremity dependent pain, which is relieved with elevation without evidence of a vascular problem." (Ex. 3.) After leaving Dr. Mastey's office, Ms. Davis asserted that Dr. Mastey personally called her on the telephone "to see if he had the right name and number." (Ex. 1.)

Ms. Davis reported her discomfort with Dr. Mastey to the insurance adjuster and requested another doctor. The adjuster denied her request. Ms. Davis asserted that the adjuster told her a nurse case manager would attend her next appointment, but that did not happen.

Ms. Davis returned to see Dr. Mastey approximately two weeks later. His office note indicates that Ms. Davis returned "with her significant other Alonzo Johnson but without her children stating that her hand is the same since her last visit." (Ex. 3.) Dr. Mastey observed:

> It is important to note that Rayshelle brought a very large purse on today's visit, which she handled equally well with both her right and left hand without any apparent discomfort. When talking on her cell phone, she was holding the phone with her right hand without any apparent difficulties.

*Id.*

At that visit, Dr. Mastey placed Ms. Davis at maximum medical improvement, assigned a 0% impairment rating, and released her to follow-up as needed.[3] Ms. Davis asserted that, "[d]espite ongoing problems with my hand, he did not provide or recommend any further treatment." She continues to complain of problems with her right hand.

## Findings of Fact and Conclusions of Law

### General Legal Principles

Ms. Davis bears the burden of proof on all essential elements of her workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, she is not required to prove every element of

---

[3] His note reflects that the MRI performed "showed no evidence of a fracture or other acute posttraumatic injury of the proximal right hand."

her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Rather, at an expedited hearing, Ms. Davis must come forward with sufficient evidence from which this Court might determine that she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

## *Medical Benefits*

Under the Workers' Compensation Law, the employer is required to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" When the treating physician refers the employee to a specialist physician, the employer must provide a panel of specialists within three business days. In cases where an employer provided a panel of specialists, the selected panel physician "shall become the treating physician until treatment by the specialist physician . . . concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel provided by the employer under subdivision (a)(3)(A)." Tenn. Code Ann. § 50-6-204(a)(3)(A) and (E) (2017).

Here, Belcan provided Ms. Davis with a panel of orthopedic physicians after Physicians Care referred her. Ms. Davis does not dispute the validity of the panel. Instead, she requests another panel of physicians because she is dissatisfied with her panel selection, Dr. Mastey. However, Ms. Davis has not proven entitlement to another panel of physicians under the present circumstances. Dr. Mastey indicated in his last office note that Ms. Davis was to follow-up as needed. Therefore, Ms. Davis' request for another panel of physicians is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Davis' requested relief is denied at this time.

2. This matter is set for a Status Hearing on January 9, 2018, at 10:00 a.m., Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

**ENTERED** the 21st day of November, 2017.

_____

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

# APPENDIX

<u>Exhibits</u>:
1. Affidavit of Rachelle N. Davis[4]
2. Panel of physicians
3. Medical records of Robert D. Mastey, M.D.
4. Final Medical Report

<u>Technical record</u>:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Employee's Request for Expedited Hearing
5. Docketing Notice for On-The-Record Determination

---

[4] Due to typographical errors, the affidavit reflects incorrect spellings of Ms. Davis' first name. However, Ms. Davis signed her first name as "Rayshelle" and all other court filings reflect "Rayshelle" as the correct spelling.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on the 21st day of November, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Carmen Ware, Employee Attorney | | | X | cyware@thewarelawfirm.com |
| Blair Cannon, Employer Attorney | | | X | blair.cannon@thehartford.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov